Erin S. Greenawald, OSB#990542
Sean J. Riddell, OSB#013943
2905 NE Broadway St.,
Portland, OR 97232
Email: esglaw1@gmail.com
Email: Sean.Riddell@live.com
    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANNAMARIE MOTIS,<br><br>    Plaintiff,<br>vs.<br><br>DAVID JUBB and LINFIELD COLLEGE,<br>    Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br>Violations of: Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); Battery; and Negligence<br><br>JURY TRIAL DEMAND<br><br>PRAYER: $550,000.00 or an amount to be proven at trial. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AnnaMarie Motis ("Motis" or "plaintiff"), by and through her attorneys, Erin Greenawald and Sean J. Riddell, herein state and allege as follows:

## PARTIES

1.

Defendant David Jubb, ("Jubb" or "defendant") is and at all times mentioned herein is a resident of Oregon and was a member of Linfield College's Board of Trustees.

///

///

///

2.

Defendant Linfield College ("Defendant College" or "Linfield") is a private university located in Yamhill County, Oregon. Linfield accepts federal funding.

3.

AnnaMarie Motis is an adult female, resident of Oregon and Alaska, an undergraduate student at Linfield College, and was the student's representative to Linfield College's Board of Trustees in 2018-2019.

## JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1343, which gives district courts jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

5.

Ms. Motis brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

6.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

Erin Greenawald and Sean J. Riddell
2905 NE Broadway St
Portland OR, 97232
971/219-8453

7.

The court has jurisdiction over Ms. Motis' pendent state law claims under 28 U.S.C. § 1367.

**APPLICABLE LAW**

8.

Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a) states that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…

9.

Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. § Part 106.

10.

34 C.F.R. § 106.8(b) provides:

> …A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

11.

In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the United State Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

///

///

///

Erin Greenawald and Sean J. Riddell
2905 NE Broadway St
Portland OR, 97232
971/219-8453

# FACTS

12.

On or about February 15, 2019, Ms. Motis and defendant attended a meeting of the Board of Trustees at Walker Hall and later a Faculty-Trustee Dinner at the Michelbook Country Club. Ms. Motis and defendant sat at the same table with other trustees: Lucinda Day Fournier, Mindy Legard Larson and David Baca. At the end of the dinner, trustees other than Ms. Motis decided to continue the evening at Nick's Backroom in McMinnville and invited Ms. Motis to attend.

13.

While other members of the party drove to Nick's Backroom, defendant insisted that Ms. Motis accompany him in an 'Uber' ride to the restaurant. Defendant provided Ms. Motis with $40 cash and asked Ms. Motis to use the Uber application on her phone to order a ride. While waiting for the Uber driver defendant stated to Ms. Motis, "So, we will go to Nick's and see everybody and then I'm staying at the Atticus so I'll bring you over and end the night there. Super easy. I love the Atticus. What a great place." The Atticus is a luxury hotel located in downtown McMinnville, Oregon.

14.

Ms. Motis and defendant waited for the Uber ride in the foyer of Michelbook Country Club. While they waited, defendant invaded Ms. Motis' personal space, grabbed Ms. Motis and pulled Ms. Motis' body to his body. Ms. Motis stepped back and politely told defendant, "I feel like that's a little close." Defendant was undeterred, he pulled Ms. Motis close to him again, moved his hand into Ms. Motis' skirt, and aggressively grabbed Ms. Motis' buttocks. Defendant's bare hand touched Ms. Motis' bare buttocks. Ms. Motis again stepped away and

Erin Greenawald and Sean J. Riddell
2905 NE Broadway St
Portland OR, 97232
971/219-8453

stated "that's definitely not something I'm comfortable with." Defendant left the foyer stating he was going to "go find more wine."

15.

Another member of the Board of Trustees, Jennifer Williams, then entered the foyer. Mrs. Williams asked Ms. Motis if she "was okay" and offered to provide Ms. Motis and defendant with transportation to Nick's Backroom. Ms. Motis accepted the offer. Ms. Motis, defendant, Mrs. Williams and Mr. Erika Marksbury traveled to Nick's Backroom. Mrs. Marksbury drove.

16.

When Ms. Motis and defendant arrived in the area of 3rd street in downtown McMinnville they were greeted by Mr. Baca. Mr. Baca informed them that Nick's Backroom was closed and the group was headed to The Oak, another bar in downtown McMinnville. Ms. Motis, defendant, Lucinda Fournier, Mark Patterson and Mr. Baca sat at very narrow table at The Oak. Ms. Motis sat opposite of Mr. Judd. Mr. Judd aggressively bumped Ms. Motis' legs under the table. Ms. Motis moved her chair to be even further away from Mr. Judd, however Mr. Judd reached over with his foot and pulled Ms. Motis' chair closer to him. Defendant then thrust his hand under defendant's dress and thrust his fingers into defendant's crotch. Defendant's fingers were able to touch Ms. Motis' genitalia.

17.

Ms. Motis immediately removed herself from the table and told the group she need to leave.

///

///

Erin Greenawald and Sean J. Riddell
2905 NE Broadway St
Portland OR, 97232
971/219-8453

18.

Ms. Motis reported Mr. Judd's sexual assault to the McMinnville Police Department, cooperated in the criminal investigation and continues to cooperate in the criminal investigation.

19.

Within a week of Mr. Judd's sexual assault, Ms. Motis reported the incident to Mr. Baca and Linfield College. Mr. Baca assured Ms. Motis that Mr. Judd would be removed from the Board of Trustees by May, 2019.

20.

On or about the first week in June, 2019, Mr. Baca sent the following correspondence to members of the Board of Trustees:

> *Dear Board of Trustees,*
> *Last week, Dave Jubb advised me he was resigning from the Board due to health concerns. Dave provided valuable service to the board and the College over many decades. He has been a classmate, friend, and associate of many of us for years, and for those so moved, it is appropriate to express gratitude for his positive contributions, but in doing so we should respect Dave's privacy.*
> *Best Regards,*
> *David Baca*
> *Chair of the Board*

21.

On July 9, 2019 Linfield College, pursuant to their Title Nine obligations, conducted an interview with Ms. Motis. Ms. Motis voluntarily participated in the interview. As of the filing of this complaint, Linfield College has not completed the investigation and has indicated that it has no estimate for completion of the investigation.

22.

There is sufficient information and belief to allege that Linfield College was aware of previous inappropriate sexual conduct perpetrated by Mr. Jubb. There is sufficient information

and belief to allege that Ms. Motis' criminal complaint is pending review by the Yamhill County District Attorney's office.

23.

Ms. Motis reserves the right to amend the complaint to include punitive damages against defendant Mr. Jubb pursuant to ORS 31.725 – 31.730

24.

Ms. Motis reserves the right and puts Linfield College on notice that Ms. Motis intends to amend this complaint to include claims for damages against Linfield College, including by not limited to negligence, negligent infliction of emotional distress and violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

### FIRST CLAIM FOR RELIEF
### VIOLATION OF TITLE IX 20 U.S.C. § 1681, *et seq.*
### (DEFENDANT LINFIELD COLLEGE)

25.

Ms. Motis re-alleges paragraphs 1 through 24.

26.

The sex-based harassment articulated above were so severe, pervasive, and objectively offensive that it deprived Ms. Motis of access to educational opportunities or benefits provided by Defendant Linfield College.

27.

Defendant Linfield College created and/or subjected Ms. Motis to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), in one or some, but not exclusive to acts:

a. Ms. Motis is and was a member of a protected class;

    b. Ms. Motis was subjected to sexual harassment in the form of a sexual assault by a member of the school's Board of Trustees;

    c. Ms. Motis was subjected to harassment based on her sex; and

    d. Ms. Motis was subjected to a hostile educational environment created by the Linfield's failure to property investigate and/or address Defendant Jubb's previous allegations of sexual assault or sexually inappropriate behavior.

28.

Defendant Linfield College and its officials had actual knowledge of the sexual assault and the resulting harassment of Ms. Motis created by its failure to investigate and discipline Ms. Motis' attacker in a timely manner and consistent with the school's policy, federal, and/or state law.

29.

Defendant Linfield's failure to promptly and appropriately respond to the alleged sexual harassment, resulted in Ms. Motis, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the College's education program in violation of Title IX.

30.

Defendant Linfield failed to take immediate, effective remedial steps to resolve Ms. Motis' compliant of sexual assault and instead acted with deliberate indifference toward Ms. Motis.

///

///

///

Erin Greenawald and Sean J. Riddell
2905 NE Broadway St
Portland OR, 97232
971/219-8453

31.

Defendant Linfield persisted in their actions and inaction even after it had actual knowledge of Defendant Jubb's previous sexual inappropriate behavior and/or Defendant Jubb's sexual assault of Ms. Motis.

32.

Defendant Linfield engaged in a pattern and practice of behavior designed to discourage and dissuade students who had been sexually assaulted from seeking prosecution and protection and from seeking to have sexual assaults from being fully investigated.

33.

This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

34.

Ms. Motis has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant Linfield College's deliberate indifference to her rights under Title IX.

35.

Ms. Motis is entitled to reasonable attorney fees and cost pursuant to 42 U.S.C. § 1988(b).

36.

As a result of defendant's abuse, Ms. Motis suffered economic damages of approximately $100,000; medical/counseling expenses of approximately $50,000, and future medical expenses of $100,000, the actual amounts to be proven at trial.

Erin Greenawald and Sean J. Riddell
2905 NE Broadway St
Portland OR, 97232
971/219-8453

37.

As a further result of defendant's assault, Ms. Motis suffered non-economic losses, including, but not limited to, emotional injury and mental anguish, trauma, an inability to form close relationships, nightmares and sleep disruption, mistrust in the intentions of others, lack of self-esteem, depression, and anxiety. Ms. Motis prays for non-economic damages arising from the acts alleged in this claim in the amount of $300,000.00.

## SECOND CLAIM FOR RELIEF
## BATTERY

38.

Ms. Motis re-alleges paragraphs 1 through 15.

39.

On or about February 15, 2019, Ms. Motis did not consent to Mr. Jubb's physical contacts.

40.

As a result of defendant's abuse, Ms. Motis suffered economic damages of approximately $100,000; medical/counseling expenses of approximately $50,000, and future medical expenses of $100,000, the actual amounts to be proven at trial.

41.

As a direct and proximate result of Defendant's breach of duty Ms. Motis sustained physical injuries, a long period of recovery, and mental anguish.

42.

As a further result of defendant's assault, Ms. Motis suffered non-economic losses, including, but not limited to, emotional injury and mental anguish, trauma, an inability to form close relationships, nightmares and sleep disruption, mistrust in the intentions of others, lack of

self-esteem, depression, and anxiety. Ms. Motis prays for non-economic damages arising from the acts alleged in this claim in the amount of $300,000.00.

# PRAYER

WHEREFORE, Ms. Motis prays for relief as follows:

**FIRST CLAIM FOR RELIEF- TITLE IX- DEFENDANT LINFIELD COLLEGE**

1. Economic damages in the amount of $250,000.00;

2. Non-economic damages in the amount of $300,000.00;

3. Punitive Damages;

4. Injunctive relief requiring Defendant Linfield College to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and/or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and/or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it.

5. Statutory interest;

6. Costs; and

7. Reasonable attorney fees.

///

///

///

///

///

///

///

## SECOND CLAIM FOR RELIEF – SEXUAL BATTERY

1. Economic damages in the amount of $250,000.00;

2. Non-economic damages in the amount of $300,000.00; and

3. Costs.

DATED this 10th day of December 2019.

By:/s/Erin Greenawald
Erin Greenawald, OSB No. 990542

By:/s/ Sean J. Riddell
Sean J. Riddell, OSB No. 013943
   Attorneys for Plaintiff

PLAINTIFF REQUESTS A JURY TRIAL