Paula A. Barran, OSB No. 803974
pbarran@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
  Attorneys for Defendant Linfield College

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| ANNAMARIE MOTIS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JUBB and LINFIELD COLLEGE,<br><br>Defendant. | CV. 3:19-cv-02000-BR<br><br>**DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Linfield College ("Linfield"), an Oregon nonprofit corporation, for answer to Plaintiff's Complaint, states as follows.

1.

Linfield admits paragraphs 2 and 20.

2.

Answering paragraph 1, Linfield admits that David Jubb ("Jubb") was a member of the Linfield College Board of Trustees.  Linfield understands but cannot confirm that Jubb has been a resident of the State of Oregon and for that reason denies that allegation.

3.

Answering paragraph 3, Linfield admits that Plaintiff is an adult female and that she was an undergraduate student member of its Board of Trustees in 2018-19.  Linfield is without

Page 1 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES

knowledge of Plaintiff's current residence and for that reason denies those allegations. Linfield denies that Plaintiff is currently registered for classes and states it is without sufficient knowledge of her educational plans to admit or deny her status.

4.

Answering paragraphs 4, 5, and 6, Linfield admits that this court has jurisdiction over Plaintiff's claims, that she alleges a claim under Title IX of the Education Amendments of 1972, and that venue is proper in the District of Oregon. Linfield denies that Plaintiff has or states a valid claim against it.

5.

No answer is made to paragraph 7 because Plaintiff has not asserted the claim against Linfield.

6.

No answer is required for paragraphs 8 and 10 because the language of Congress and the Department of Education speaks for itself. If answer is required, Linfield admits that Plaintiff has partially quoted language from the United States Code and the Code of Federal Regulations.

7.

No answer is made to paragraph 9 because the language of Congress speaks for itself. If answer is required, Linfield states that Plaintiff has inaccurately stated the law relating to the extent and scope of regulatory authority under Title IX and for that reason denies paragraph 9 except to the extent that Linfield admits 34 CFR Part 106 is a regulation authorized by Title IX.

8.

Answering paragraph 11, Linfield states that no answer is required because the words of the Supreme Court speak for themselves. If answer is required, Linfield disagrees with the sufficiency of Plaintiff's summary of *Gebser v. Lago Vista* and for that reason denies paragraph 11.

Page 2 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES

00858746.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

9.

Answering paragraph 12, Linfield admits that Plaintiff and Jubb attended a Trustees' meeting and states that dinner attendees moved around, and as a result Linfield is without sufficient information to admit or deny where Plaintiff sat at various times or what discussions individual faculty or trustees had about their personal plans for the evening after the scheduled college event concluded, and for that reason denies Plaintiff's allegations.

10.

Answering paragraphs 13-15, Linfield is without sufficient information to admit or deny what conversations or actions Plaintiff had or performed after the scheduled college event concluded, and for that reason denies Plaintiff's allegations.

11.

Answering paragraph 16, Linfield admits that Nick's Backroom was closed and that the group went to The Oak. Linfield denies the remaining allegations of paragraph 16.

12.

Answering paragraph 17, Linfield admits that Plaintiff told the group she was meeting a friend, but denies the remaining allegations of paragraph 17. In further response, Linfield states that Plaintiff had further conversation with some of the attendees and that upon leaving stated that it had been great and that the group should "do it again" or words to that effect.

13.

Answering paragraph 18, Linfield admits that Plaintiff made a police report but is without sufficient information to admit or deny what conversations Plaintiff had with police, and for that reason denies Plaintiff's allegations.

14.

Answering paragraph 19, Linfield admits that Plaintiff made a report to Linfield through its Title IX Coordinator, and Mr. Baca reached out to her to arrange to meet. She described events she stated had occurred after the dinner. In further response to paragraph 19, Linfield states that

Page 3 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES

Plaintiff instructed Linfield not to conduct an investigation and that she intended to make a police report, and that both Linfield and Mr. Baca provided Plaintiff offers of support and assistance including:

Mr. Baca:

- Assured Plaintiff that he would ensure she would not have further contact with Mr. Jubb;
- Told her he wanted to support her;
- Stated he would "disinvite" Mr. Jubb from the meeting;
- Asked her input on her thoughts whether the college should remove Mr. Jubb from the Board;
- Told Mr. Jubb he was not to attend the May Board meeting and provided the reason;
- Asked Mr. Jubb for his resignation; and
- Asked Plaintiff what she needed in terms of support.

Title IX Coordinator Ms. Hopp:

- Discussed Plaintiff's options to go to the police or elect that the college would investigate;
- Recommended counseling;
- Inquired if Plaintiff wanted her to arrange a notice to faculty that she would be away from classes;
- Met with Plaintiff through the remainder of the semester; and
- Assured Plaintiff Mr. Jubb would not be at the May trustee meeting.

15.

Answering paragraph 21, Linfield states that it initially gathered factual information from Plaintiff through its Title IX Coordinator, who discussed her options with her, and that Plaintiff requested that no internal college investigation be performed but that she wished to make a police report. Later, through her attorney, Plaintiff agreed to participate in an internal investigation and

Page 4 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES

00858746.1

the college promptly contracted a specialized investigator who conducted a detailed interview with Plaintiff. Linfield admits that the external investigation is not yet complete. Linfield denies the remaining allegations of paragraph 21.

16.

Answering paragraph 22, Linfield states that because Plaintiff's Complaint does not identify what is meant by "sufficient information and belief," it lacks sufficient information to respond and therefore denies the allegations of paragraph 22.

17.

No answer is called for by paragraphs 23-24. If answer if required, Linfield denies any allegations.

18.

In response to paragraph 25, Linfield incorporates the responses to paragraphs 1-24 stated herein.

19.

Linfield denies the remaining allegations of the Complaint, and denies all allegations except where specifically admitted herein.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

For its affirmative defenses to Plaintiff's Complaint, and without assuming the burden of proof, Defendant Linfield College alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Prompt and Effective Action)**

20.

Linfield College has not violated Title IX because it had policies and procedures designed to prevent and correct harassment and other sexual misconduct and, upon notice of Plaintiff's report, took such supportive action as permitted by Plaintiff, who instructed Linfield, including

Page 5 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES

00858746.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

through her counsel, not to conduct its own investigation. In addition to paragraph 14 above, the following are examples of such actions and measures:

- Linfield has a designated Title IX Coordinator and four Title IX Deputies who are identified in the Student Policy Guide and on the college's website.
- It maintains a robust informational webpage which includes separate pages for:
    o Sexual Misconduct and Relationship Violence Response & Prevention, Reporting Options
    o Student Policy Guide, including comprehensive Sexual Misconduct and Relationship Violence Policy and Procedures which encourages internal reporting and includes the following statement: "You can report what has happened to the local police. We strongly recommend that you provide all relevant information and evidence to the police as soon after the assault as possible. The police forward their report to the prosecutor's office. The prosecutor then determines whether or not there is sufficient evidence to proceed with the case. Their 24-hour number is 503-434-6500."
    o "Get Help: McMinnville Campus"
    o "Options and Resources in Matters of Sexual Misconduct and Relationship Violence"
    o "Prevention and Risk Reduction"
    o "Protecting Yourself in Social Media"
    o "College Public Safety"
    o "Student Health, Wellness and Counseling"
- Its published "Resources for Support and Care for Concerns of Sexual Violence or Misconduct" includes:
    o On Campus Resources:

Page 6 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES

00858746.1

- - For emergencies: Linfield Campus Safety. 503-883-SAFE (7233). 24 hours a day, 7 days a week.
  - Linfield Student Health, Wellness and Counseling Center 503-883-2535. M-F 9am-5pm.
  - Linfield Residence Life: 503-883-5433 (Life). 24 hours a day, 7 days a week.
- Off Campus Resources:
  - Henderson Hours Crisis Line 503-472-1503, toll free 877-227-5946.
  - Yamhill County Crime Victim Services 503-434-7510.
  - National Sexual Assault Telephone Hotline 1-800-656-4673 (HOPE).

**SECOND AFFIRMATIVE DEFENSE**

**(Linfield Action Not Clearly Unreasonable in Light of Known Circumstances)**

21.

To the extent Plaintiff complains of Linfield's response to incidents of harassment, such responses were not clearly unreasonable in light of known circumstances, nor were its responses such that they caused students to undergo harassment.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver of Assistance)**

22.

Plaintiff declined to use support and resources offered and available from Linfield, and to the extent using such support and resources would have reduced any damage or harm alleged to have been experienced or any damages sought in this lawsuit, Linfield is not responsible for such damage or harm.

//
//
//

Page 7 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES

00858746.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## FOURTH AFFIRMATIVE DEFENSE

### (Not an Education Program or Activity)

23.

Linfield College cannot be found liable under Title IX for any events which occurred following a meeting of trustees attended by Plaintiff because any such events were social, occurred off campus, and under circumstances over which the college did not exercise substantial control.

## FIFTH AFFIRMATIVE DEFENSE

### (No Substantial Control)

24.

Linfield College did not have substantial control over the alleged conduct or the context in which it occurred and accordingly is not liable under Title IX, and it did not expose Plaintiff to an unreasonable risk.

## SIXTH AFFIRMATIVE DEFENSE

### (Sole Fault of Another)

25.

If Plaintiff was harmed in any way by the events alleged in her Complaint, any such harm was caused by the conduct of a third party, and any harm was the result of a third party's sole fault.

## SEVENTH AFFIRMATIVE DEFENSE

### (No *Respondeat Superior* Liability)

26.

To the extent Plaintiff seeks to impose liability upon Linfield on a *respondeat superior* basis, such claims are barred by Title IX. Furthermore, responsibility for damages that may have been caused to Plaintiff cannot be imputed to Linfield.

//

//

Page 8 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES

00858746.1

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## EIGHTH AFFIRMATIVE DEFENSE

### (Single Incident; Plaintiff Not Denied Equal Access to Education)

27.

Plaintiff's claims fail to establish conduct that was severe, pervasive and objectively offensive, or that it had a systemic effect of denying Plaintiff equal access to an educational program or activity.

## NINTH AFFIRMATIVE DEFENSE

### (No Denial of Equal Access)

28.

Plaintiff was not denied equal access to her educational experience and accordingly her Title IX claim fails.

WHEREFORE having fully answered Plaintiff's Complaint, Linfield prays for judgement in its favor, dismissing Plaintiff's claims in their entirety, and granting Linfield its costs and expenses herein, including its expert witness fees, all pursuant to 42 USC 1988(b) and (c).

DATED this 8th day of January, 2020.

BARRAN LIEBMAN LLP

By *s/Paula A. Barran*
_____
Paula A. Barran, OSB No. 803974
pbarran@barran.com
Attorneys for Defendant Linfield College

Page 9 - DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES
00858746.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2020, I served the foregoing **DEFENDANT LINFIELD COLLEGE'S ANSWER AND AFFIRMATIVE DEFENSES** on the following parties at the following addresses:

| | |
|---|---|
| Erin S. Greenawald<br>Sean J. Riddell<br>2905 NE Broadway St.<br>Portland, OR 97232<br>esglaw1@gmail.com<br>Sean.Riddell@live.com<br><br>Attorneys for Plaintiff | Lindsay H. Duncan<br>Hart Wagner LLP<br>439 SW Umatilla Ave.<br>Redmond, OR 97756<br>glw@hartwagner.com<br><br>Attorneys for Defendant David Jubb |

by the following indicated method or methods set forth below:

- ☒ **Electronic Filing using the Court's ECF System**
- ☐ **Facsimile**
- ☐ **First-class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Overnight courier, delivery prepaid**
- ☐ **E-mail**

*s/Paula A. Barran*
_____
Paula A. Barran

Page 1 – CERTIFICATE OF SERVICE

00858746.1