**Gordon L. Welborn,** OSB No. 870965
E-mail: glw@hartwagner.com
**Lindsay H. Duncan,** OSB No. 120974
E-mail: lhd@hartwagner.com
**HART WAGNER LLP**
439 SW Umatilla Ave.
Redmond, OR 97756
Telephone: 541-548-6044
Facsimile: 541-548-6034

*Attorneys for Defendant David Jubb*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANNAMARIE MOTIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID JUBB,<br><br>　　　　Defendant. | Case No. 3:19-cv-02000-BR<br><br>**DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY**<br><br>**Request for Oral Argument** |

**LR 7-1 STATEMENT OF CONFERRAL**

In compliance with LR 7-1, counsel for plaintiff does not oppose this Motion.

**MOTION**

Defendant, David Jubb, by and through his counsel of record, hereby moves this Court for an Order staying the above-captioned matter until the resolution of a related criminal investigation and until any resulting criminal prosecution has concluded.

**SUPPORTING MEMORANDUM**

**I.　Introduction**

Defendant, David Jubb served on Linfield College's Board of Trustee from 1994 to December 2019. During all relevant times, plaintiff, Annamarie Motis, was an undergraduate

Page 1 – **DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY**

**HART WAGNER LLP**
Attorneys at Law
439 SW Umatilla Avenue
Redmond, Oregon 97756
Telephone (541) 548-6044

student at Linfield College and was the student representative to the College's Board of Trustees. First Amend. Compl. ¶ 2. Ms. Motis asserts various claims against Mr. Jubb stemming from alleged sexual misconduct that occurred on February 15, 2019, following a Faculty-Trustee Dinner. Compl. ¶¶ 7, 9, 14.

Although there are currently no criminal charges pending against Mr. Jubb, a criminal investigation is ongoing and the Yamhill County District Attorney's office is currently considering criminal charges based on the allegations underlying the lawsuit. Based on information and belief, Mr. Jubb reasonably believes that an indictment is impending. The alleged conduct at issue in both matters is identical, thus Mr. Jubb's ability to answer the First Amended Complaint or provide testimony in this case is adversely impacted. Mr. Jubb should not be faced with having to choose between invoking his Fifth Amendment rights and severely hampering his ability to defend this case, on one hand, or waiving his constitutional protections on the other. Mr. Jubb has no alternative but to move for a stay of this matter. Mr. Jubb respectfully requests that this Court stay this litigation during the criminal investigation and until any resulting criminal prosecution has ended.

## II. Argument

The only means of preserving Mr. Jubb's constitutional rights *and* his right to defend himself vigorously in this action is to stay the civil proceedings pending a resolution of the criminal matter. Mr. Jubb will either have to invoke his Fifth Amendment right not to make incriminatory statements and risk an adverse inference, or he will have to testify in this civil proceeding and thereby provide testimonial evidence that will be used in his prosecution. Because Mr. Jubb will be seriously prejudiced in either case, and because there is no corresponding government interest that trumps Mr. Jubb's rights, a stay of this action is warranted.

### A. Legal Standard

The court has authority to stay this action because the "interests of justice" will be served by a stay. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). When faced with parallel criminal and civil proceedings the analysis should be undertaken "in light of the

Page 2 – **DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY**

**HART WAGNER LLP**
**Attorneys at Law**
**439 SW Umatilla Avenue**
Redmond, Oregon 97756
**Telephone (541) 548-6044**

particular circumstances and competing interests involved in the case" and after consideration of the "extent to which the defendant's Fifth Amendment rights are implicated." *Id*. (*accord Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) (citing *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). "Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).

The Ninth Circuit in *Keating* and *Molinaro* articulated the specific factors that a court should consider when ruling on a motion to stay a parallel civil proceeding. The court should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id*. at 902. Additionally, the court should consider the following factors:

> (1) The interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
> (2) The burden which any particular aspect of the proceedings may impose on defendants;
> (3) The convenience of the court in the management of its cases, and the efficient use of judicial resources;
> (4) The interests of persons not parties to the civil litigation; and
> (5) The interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324-25 (citing *Molinaro*, 889 F.2d at 903).

Both the United States and the Oregon constitutions recognize an individual's right against compelled self-incrimination. *State v. Petersen*, 347 Or 199, 206 (2009). Specifically, Article I, Section 12 of the Oregon Constitution provides that "no person shall * * * be compelled in any prosecution to testify against himself." Similarly, the Fifth and Fourteenth Amendments to the United States Constitution provide "no person shall be * * * compelled in any criminal case to be a witness against himself."

Page 3 – **DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY**

**HART WAGNER LLP**
**Attorneys at Law**
**439 SW Umatilla Avenue**
Redmond, Oregon 97756
Telephone (541) 548-6044

It is well established that the privilege against self-incrimination is broad in application. The privilege is properly invoked when the witness reasonably apprehends a risk of self-incrimination, even in the absence of criminal charges. *Marchetti v. United States*, 390 US 39, 53 (1968). The privilege protects not only testimonial statements that could directly incriminate, but also extends to protect responses that "would furnish a link in a chain of evidence needed to prosecute the * * * crime." *Hoffman v. United States*, 341 US 479, 486 (1951). "Indeed, it is enough if the responses would merely 'provide a lead or clue' to evidence having a tendency to incriminate." *U.S. v. Neff*, 615 F2d 1235, 1239 (9th Cir 1980), *cert. den*, 447 US 925 (1980).

These state and federal rights have long been interpreted to apply not only in direct criminal proceedings, but in any proceeding – including civil proceedings – in which the answers or information provided could later be used against the person in a criminal prosecution. *Redwine v. Starboard, LLC*, 240 Or App 673, 682 (2011); *Maness v. Meyers*, 419 US 449 (1975); *Leopold v. McCallister*, 106 Or App 324, 328 (1991).

In *United States v. Balsys*, the Supreme Court confirmed that the privilege against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory," in which the witness reasonably believes that the information sought, or discoverable as a result of his testimony, could be used in a state or federal criminal proceeding. 524 US 666, 672 (1998). The privilege is not limited to testimony; it also applies to the production of documents in the discovery process. *United States v. Bright*, 596 F3d 683, 690-91 (9th Cir 2010); *Empire Wholesale Lumber Co. v. Meyers*, 192 Or App 221, 228 (2004).

B.  **The Implication of Mr. Jubb's Fifth Amendment Rights Warrants a Stay**

Mr. Jubb is currently being investigated for the same alleged conduct that plaintiff alleges in this civil lawsuit. He has a "reasonable apprehension" that any statements from him in this civil case may be used against him as part of the investigation or in any resulting criminal case. If this civil case is permitted to proceed, he will be forced to invoke his state and federal constitutional rights against self-incrimination in order to properly preserve his rights in any criminal proceeding. Consequently, he cannot respond substantively to questions in a deposition, to requests for

Page 4 – **DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY**

**HART WAGNER LLP**
**Attorneys at Law**
**439 SW Umatilla Avenue**
Redmond, Oregon 97756
Telephone (541) 548-6044

admission, or to requests for production, for fear that doing so could "provide a lead or clue" to incriminating him in any criminal case. *Neff*, 615 F2d at 1239.

Moreover, filing an Answer in this civil case would require Mr. Jubb to substantively admit or deny the allegations in the civil Complaint, which he would not be required to do in the criminal case. Such admissions and denials could then be used against him in the criminal case. This is exactly what the state and federal rights against self-incrimination are intended to prevent.

Indeed, Mr. Jubb should not be forced to choose between abandoning the opportunity to defend against this civil action and "courting liability in the criminal case" by waiving his Fifth Amendment rights. Accordingly, Mr. Jubb seeks a stay before filing an Answer to the Complaint. Any testimonial statement, either through a responsive pleading, by way of deposition or through the production of a document, could be deemed a waiver of his Fifth Amendment privilege.

### C. Any Prejudice to Plaintiff Is Outweighed by Mr. Jubb's Fifth Amendment Concerns

There is no conceivable prejudice to plaintiff that supersedes Mr. Jubb's need for a stay. In *Transworld Mechanical*, for example, the District Court noted that, while the plaintiffs' interest in the resolution of their case and their concern that they could face prejudice through potential loss of evidence were considered legitimate, "the balance of divergent interests weigh[ed] in favor of a stay." *Transworld*, 886 F. Supp. at 1140. The court explained that the plaintiffs' interests were "trumped by defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." *Id*.

Even if Mr. Jubb prevails criminally, there would be no demonstrable prejudice to plaintiff given the lesser standards of proof in a civil matter. Thus, the significant prejudice that Mr. Jubb will face in fighting two battles at once clearly outweighs any interest that plaintiff may have in insisting that this matter be resolved now.

/ / /

/ / /

Page 5 – **DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY**

**HART WAGNER LLP**
**Attorneys at Law**
**439 SW Umatilla Avenue**
Redmond, Oregon 97756
Telephone (541) 548-6044

### D. Proceeding with This Action Severely Burdens Mr. Jubb

As explained above, if forced to proceed, Mr. Jubb is faced with the Hobson's choice of defending himself in this action or preserving his Fifth Amendment rights. The extreme prejudice that results from a waiver of his rights or the invocation of his right and *the potential* for an adverse inference in this proceeding places an undue burden on Mr. Jubb and outweighs any delay to the civil action. Indeed, the Supreme Court has noted the "prevailing rule that the Fifth Amendment does not forbid adverse interferences against parties to *civil actions* when they refuse to testify in response to probative evidence offered against them." *Baxter*, 425 U.S. 308, 318. *See also Securities and Exchange Commission v. Colello*, 139 F.3d 674, 677-78 (9th Cir. 1998) (holding that district court did not err in drawing an adverse inference against defendant based on Fifth Amendment invocation because there was "additional evidence" to support the SEC's case).

### E. The Convenience of the Court, Third Parties, and the Public Weigh in Favor of a Stay

The remaining *Keating* factors also militate in favor of a stay in this case. First, a stay of this action is of limited duration and will not inconvenience this court, but will serve the court's interest in managing this case and its case load. This case was only recently filed – December 2019. There is no trial date and there has been no discovery. Additionally, a stay will not harm any non-litigants or the public. In fact, the public's interest is primarily in the resolution of the criminal case. *See e.g.*, *State v. Campbell*, 56 Or App 527, 532-33 (1982) (public interest is greater in resolution of criminal cases than in civil cases). In those cases where courts found a public interest in allowing a civil case to continue, there was some civil enforcement at issue that was considered to be for the benefit of the public. *See e.g., Sawyer*, 268 Or App at 55 ("interest in ensuring the timely resolution of charges against licensees, either to protect the public against unscrupulous licensees or to absolve innocent licensees of unfounded accusations."); *Keating*, 45 F3d 322, 326 ("any delay would have been detrimental to public confidence in the enforcement scheme"); *Molinaro*, 889 F2d at 903 (enforcement for benefit of investors, creditors, stockholders,

Page 6 – **DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY**

**HART WAGNER LLP**
**Attorneys at Law**
**439 SW Umatilla Avenue**
Redmond, Oregon 97756
Telephone (541) 548-6044

and public would be frustrated by delay). Public interests such as these are not implicated in this case.

### F. Length of Stay and Contingencies

In the event the Court grants Mr. Jubb's Motion, Mr. Jubb proposes that the Stay will expire upon the occurrence of any of the following contingencies:

1. The Yamhill District Attorney notifies the parties that criminal charges will not be filed against Mr. Jubb with regard to Ms. Motis;

2. The criminal matters and proceeding against Mr. Jubb related to Ms. Motis conclude; or

3. Upon expiration of 12 months from the date of this Order, an agreement between the parties to end the Stay, or an Order of the Court to end the Stay.

## III. Conclusion

For all the foregoing reasons, defendant David Jubb respectfully requests that the court stay this action pending the conclusion of the parallel criminal investigation and any subsequent proceeding.

DATED this 10th day of February, 2020.

HART WAGNER LLP

By: */s/ Gordon L. Welborn*
Gordon L. Welborn, OSB No. 870965
E-mail: glw@hartwagner.com
Lindsay H. Duncan, OSB No. 120974
E-mail: lhd@hartwagner.com
*Of Attorneys for Defendant David Jubb*

Trial Attorney: Gordon L. Welborn, OSB No. 870965

Page 7 – **DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY**

**HART WAGNER LLP**
Attorneys at Law
439 SW Umatilla Avenue
Redmond, Oregon 97756
Telephone (541) 548-6044

CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of February, 2020, I served the foregoing DEFENDANT DAVID JUBB'S UNOPPOSED MOTION TO STAY, on the following parties at the following addresses:

      Erin S. Greenawald
      Sean J. Riddell
      2905 NE Broadway Street
      Portland, OR  97232
      E-Mail: esglaw1@gmail.com
      E-Mail: sean.riddell@live.com

      *Attorneys for Plaintiff*

Service was made by electronic means through the Court's Case Management/Electronic Case File System.

      */s/ Gordon L. Welborn*
      Gordon L. Welborn, OSB 870965
      Lindsay H. Duncan, OSB 120974
      Of Attorneys for Defendant David Jubb

Page 1 – **CERTIFICATE OF SERVICE**

**HART WAGNER LLP**
**Attorneys at Law**
**439 SW Umatilla Avenue**
**Redmond, Oregon  97756**
**Telephone (541) 548-6044**